IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:10-CV-197-FL

IN RE: THE FORECLOSURE OF A DEED     )
OF TRUST EXECUTED BY CHRISTIAN P.     )
NAEF AND KATHRYN M. NAEF DATED     )
FEBRUARY 19, 2008 AND RECORDED IN     )          ORDER
BOOK 5282 AT PAGE 1610 IN THE NEW     )
HANOVER COUNTY PUBLIC REGISTRY,     )
NORTH CAROLINA     )

This matter comes before the court on the motion of Wells Fargo Bank, N.A. ("Wells Fargo"), to remand this matter to the New Hanover County Superior Court (DE # 4). Christian and Kathryn Naef (collectively, "the Naefs"), who removed the matter to this court, have responded in opposition. In this posture, the issues raised are ripe for adjudication. For the reasons that follow, Wells Fargo's motion to remand is granted.

## BACKGROUND

On August 24, 2010, substitute trustees Grady I. Ingle and Elizabeth B. Ellis filed a notice of foreclosure hearing regarding a property owed by the Naefs in Wilmington, North Carolina. The Naefs were served with a copy of the notice on August 26, 2010, through personal service by the New Hanover County Sheriff. The foreclosure hearing was set for October 27, 2010. Prior to that hearing, on October 4, 2010, the Naefs removed the matter to this court. The Naefs assert that federal question jurisdiction exists because the property at issue is currently the subject of dispute in a civil action filed in federal court by Christian Naef and arising under the Truth In Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. See Naef v. Wells Fargo Home Mortgage, No. 7:10-CV-163-FL

(E.D.N.C. filed August 23, 2010). The Naefs also contend that diversity jurisdiction exists, as they are citizens of North Carolina, Wells Fargo is a citizen of South Carolina, and the amount in controversy exceeds $75,000.00.

## DISCUSSION

A civil action which is brought in state court, but over which the federal courts have original jurisdiction, may be removed by a defendant to the district court embracing the place where the action is pending. 28 U.S.C. § 1441(a). To properly remove a case, the defendant must file a notice of removal in the district court within thirty (30) days of receipt of a copy of the initial pleading setting forth the claim for relief in the action. Id. § 1446(b). The defendant must also file a copy of the notice of removal in state court. Id. § 1446(d). Plaintiff may move to remand the case on the basis of a defect other than lack of subject jurisdiction within thirty (30) days of the filing of the notice of removal. Id. § 1447(c). A motion to remand for lack of subject matter jurisdiction may be brought at any time, and remand also may be ordered *sua sponte* by the district court if subject matter jurisdiction is lacking. Id.; see also Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008).

Wells Fargo seeks remand of this matter on grounds that (1) the Naefs failed to timely notice removal under § 1446(b); (2) federal question jurisdiction does not exist; and (3) diversity jurisdiction does not exist. The Naefs, on the other hand, contend that (1) their tardiness should be excused because they attempted to timely remove the action but were not allowed to do so by the Clerk of Court; (2) federal question jurisdiction exists by dint of the related TILA claim; and (3) diversity jurisdiction exists because Wells Fargo is the real party in interest in the foreclosure proceeding, and the court should therefore ignore the citizenship of the substitute trustees.

2

"Because removal jurisdiction raises significant federalism concerns, [the court] must strictly construe removal jurisdiction. If federal jurisdiction is doubtful, a remand is necessary." Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) (internal citations omitted). This presumption against removal jurisdiction places the "burden of establishing federal jurisdiction . . . upon the party seeking removal." Id. After submitting the complaint and removal notice to exacting scrutiny, as set forth below, the court concludes that the notice of removal was untimely filed and that subject matter jurisdiction is lacking in this case. Accordingly, the motion of Wells Fargo to remand this matter to state court will be GRANTED.

A.     Timeliness of Removal Notice

Under 28 U.S.C. § 1446(b), a defendant must file a notice of removal within thirty (30) days of "receipt . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Pursuant to North Carolina law, a foreclosure action is initiated by the filing of a notice of hearing rather than a complaint and summons. See N.C. Gen. Stat. § 45-21.16. The Naefs do not dispute that they received the notice of hearing in this case no later than August 26, 2010. The docket reflects that the notice of removal was not filed with this court until October 4, 2010, beyond the thirty (30) days allowed by § 1446(b).

Failure to file a notice of removal within thirty (30) days of receipt of the notice of foreclosure hearing is grounds for remand. See, e.g., In re Foreclosure of a Deed of Trust Executed By Pordev, XI, LLC, No. 5:08-CV-569-F, 2008 WL 5234301 (E.D.N.C. Dec. 15, 2008). However, the Naefs contend that they attempted to file a notice of removal with the Clerk of Court on September 24, 2010, but were denied. The Naefs contend that it took them several additional days to find a similar case where a foreclosure had been removed from state court in order to convince

3

the Clerk of Court to file the notice of removal. As such, the Naefs ask the court to forgive the tardiness of their filing.

The Naefs' self-serving argument, which is contained in an unsworn memorandum in opposition to the motion to remand, is not supported by record evidence and is not otherwise credible. Regardless of whether equitable tolling could excuse failure to timely file the notice of removal in some cases, see Roe v. O'Donohue, 38 F.3d 298, 302 (7th Cir. 1994) (assuming that the thirty-day period is subject to equitable tolling and estoppel), the court finds no grounds excusing the failure to timely file to be present here. As such, remand is warranted.

B.     Lack of Subject Matter Jurisdiction

Remand is also appropriate for lack of subject matter jurisdiction. Federal courts must have original subject matter jurisdiction over a cause of action for removal to be proper. "Hence, to determine if . . . [a] claim [is] removable, [the court] must analyze whether [it] could have been brought originally in federal district court." King v. Marriott Int'l Inc., 337 F.3d 421, 424 (4th Cir. 2003). Federal district courts have limited jurisdiction, and may only hear cases arising under the Constitution, laws, or treaties of the United States ("federal question jurisdiction"), 28 U.S.C. § 1331, or claims for more than $75,000.00 where the parties are citizens of different states or of a foreign nation ("diversity jurisdiction), id. § 1332. As discussed below, neither federal question jurisdiction nor diversity jurisdiction is present here.

1.     Federal Question Jurisdiction

Federal question jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly-pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); see also Custer v. Sweeney, 89 F.3d 1156, 1165 (4th Cir. 1996) (noting that the court may

4

"look no farther than the plaintiff's complaint in determining whether a lawsuit raises issues of federal law capable of creating federal question jurisdiction"). Quite clearly, the foreclosure action at issue arises under state law. See N.C. Gen. Stat. §§ 45-4 et seq. (codifying North Carolina law governing foreclosure proceedings). In such circumstances, federal question jurisdiction is appropriate only if adjudication of the state-law claim necessarily depends on the resolution of a substantial question of federal law. Mulcahey, 29 F.3d at 151. No question of federal law is implicated by the properly pleaded notice of foreclosure. Thus, federal jurisdiction does not exist.

The Naefs' argument appears to be that federal question jurisdiction exists in this case because it exists over Christian Naef's separate TILA action. The court is aware that Mr. Naef wishes to join the foreclosure claim asserted here as a counterclaim in that separate action (effectively consolidating the two cases). But the absence of federal question in the claim to be removed cannot be cured by the presence of a federal question in a separate action pending in federal court regarding similar or the same subject matter. See Halmekangas v. State Farm Fire & Cas. Co., 603 F.3d 290, 294-95 (5th Cir. 2010) (citing cases from the Sixth and Eighth Circuits); cf. In re Blackwater Sec. Consulting, LLC, 460 F.3d 576, 584 (4th Cir. 2006) ("[A]ctions in which defendants merely claim a substantive federal defense to a state-law claim do not raise a federal question."). Moreover, for the reasons given in an order entered this day in No. 7:10-CV-163-FL, consolidation of these actions would not be appropriate in any event.

2.    Diversity Jurisdiction

For more than 200 years, diversity jurisdiction has been held to require complete diversity of citizenship, meaning that no defendant may be a citizen of the same state as any plaintiff. See Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch)

5

267 (1806)); see also Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 440 (4th Cir. 1995) ("In order to establish diversity jurisdiction, the parties must be completely diverse; none of the plaintiffs may share citizenship with any of the defendants."). Both the substitute trustees, who filed the foreclosure action in state court, and the Naefs, who are the record owners of the property to be foreclosed upon, are citizens of North Carolina. Accordingly, diversity jurisdiction does not exist. See In re Foreclosure of Deed of Trust Dated February 8, 1999, No. 1:03CV527, 2003 WL 21664204 at *2 (M.D.N.C. July 14, 2003).

Even if the court were to ignore the citizenship of the substitute trustees, as urged by the Naefs, removal is not allowed in this case. An action is not removable if one or more defendants is a citizen of the state in which the action was brought. See 28 U.S.C. § 1441(b). Because the Naefs are citizens of North Carolina and the original foreclosure action was brought in that state, they may not remove this action by asserting diversity of citizenship jurisdiction. See In re Foreclosure of Deed of Trust Dated February 8, 1999, 2003 WL 21664204 at *2. Accordingly, the Naefs improperly removed this action, which must be remanded to state court.

## CONCLUSION

For the foregoing reasons, the motion of Wells Fargo to remand (DE # 4) is GRANTED. This matter is hereby REMANDED to the General Court of Justice, Superior Court Division, New Hanover County, North Carolina.

SO ORDERED, this the 3rd day of December, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge

6